## DE MARTIN *v.* PHELAN.

*(Circuit Court of Appeals, Ninth Circuit. July 18, 1892.)*

LACHES—WHAT CONSTITUTES.

 In a bill to have a deed declared a mortgage and to be allowed to redeem, complainant alleged that she was the owner in fee of certain lands, subject to three mortgage liens, aggregating $185,000, two of which had been foreclosed; that prior to the decree of foreclosure defendant purchased all of said liens, "as a means of securing title to said property and for no other purpose;" that complainant was then in indigent circumstances, and defendant, well knowing the same, took advantage thereof, and by means of said mortgage indebtedness induced her to sell him her equity of redemption, and to make him a deed of said lands for $19,000, whereas they were in fact worth $45,000. The bill showed that nearly 10 years had elapsed since the conveyance, but alleged that since the sale defendant had been absent from the state "for a period aggregating four years." *Held* that, whether the conveyance be regarded as a deed or mortgage, complainant, in the absence of excuse for the delay, must be deemed guilty of laches. 47 Fed. Rep. 761, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of California.

In Equity. Bill praying that a deed be declared a mortgage and that complainant be allowed to redeem the lands. The circuit court sustained a demurrer to the bill for want of equity, (47 Fed. Rep. 761,) and, complainant declining to amend, subsequently dismissed the same. Complainant appeals. Affirmed.

*George D. Collins*, for appellant.

*Wm. F. Herrin*, (*H. L. Gear*, of counsel,) for appellee.

Before McKENNA and GILBERT, Circuit Judges, and DEADY, District Judge.

McKENNA, Circuit Judge. This is a suit in equity to have a deed declared a mortgage, which was executed by plaintiff in favor of defendant, and that she be adjudged entitled to redeem. The case is presented on bill and demurrer. The plaintiff is a woman, and alleges that on the 4th of November, 1881, she was the owner and seised in fee of certain lands which were subject to three mortgage liens, aggregating $185,-000, two of which were foreclosed on the 13th of August, 1881, by judgment and decree; that prior to the decree defendant purchased all of said liens "as a means of securing the title to said property and for no other purpose;" that on said day plaintiff was in indigent circumstances and great need, and continued so until November 4, 1881, which defendant knew; that he took advantage of her destitute condition, and by reason of said indebtedness purchased by him induced her to transfer said lands to him for the sum of $19,000, on said 4th of November, 1881, and make, execute, and deliver to him a deed of conveyance, "because [to quote the language of the bill] of her helpless and destitute condition aforesaid, of which said defendant took advantage in securing said deed;" that at that time her interest in said property, to wit, the equity of redemption, was of the value of $45,000, and more, which defendant knew. The plaintiff also alleges that defendant has been absent from said state of California for a period aggregating four years since the 4th of November, 1881. The defendant demurred to the bill on the grounds that plaintiff was not entitled to the relief prayed for or any relief; that it did not appear that the deed was intended as security for money loaned or indebted; that plaintiff does not show that the defendant took unfair advantage of her necessities, or exercised undue influence over her, or that she has ever notified him of her intention to rescind said deed, or offered to return the consideration therefor; and that the bill shows that she has been guilty of laches, and is barred by section 343 of the Code of Civil Procedure of California. The court below sustained the demurrer, and plaintiff declined to amend.

It is not necessary to decide whether the bill sufficiently shows that defendant took unfair advantage of plaintiff or exercised undue influence over her. Whatever her rights were, she was very lax in asserting them. The bill says the deed was intended as a transfer of the property described in it; that the "oratrix did make, execute, and deliver to

said defendant a deed of conveyance." The intention, then, was clear. There was no misunderstanding or confusion about the kind of instrument she executed or intended to execute. It was a deed, not a mortgage. But it was obtained, she says, from her helplessness and destitution. These could not have continued for nearly 10 years,—the time which has elapsed since the making of the deed to the commencement of the suit. Indeed, her destitution was relieved by the payment to her of $19,000, and whatever influence or fraud was practiced on her could not have continued very long, and she must have been able soon after the transaction to clearly review and estimate its character and value to her. It is not alleged that the circumstances which invested the transaction continued afterwards. When unembarrassed by poverty, when free from plaintiff's influence or fraud, it was her right, if she desired, to rescind the transaction, or, putting it strongest for her, to claim the transaction as a loan and security. But the right should have been exercised and notified to the defendant within a reasonable time. *Oil Co.* v. *Marbury*, 91 U. S. 592. We do not think that nine years and ten months is a reasonable time. If she was excused for four years on account of defendant's absence from the state, she was not excused for five years and ten months of his presence in the state. The commencement of the suit is the first intimation of her dissatisfaction, and the plaintiff does not allege that defendant was absent from the state continuously for four years, but "for a period aggregating four years since the 4th of November, 1881." In other words, the "period" was a broken, not a continuous, one, and she had therefore opportunities of communicating with him.

The plaintiff's counsel attempts to distinguish between a right to regard the instrument as a mortgage and a right to regard it as a deed and to rescind it, admitting in the latter case that section 343 of the Code of Civil Procedure controls, and that plaintiff is guilty of laches. We cannot entertain the distinction. There is a difference, great in material and legal effects, between a deed and a mortgage, but the difference does not indulge plaintiff's delay. That consists in not exercising within a reasonable time a right the defendant's imposition or fraud gave her, which right did not grow out of or depend upon the character of the instrument she executed; and the defendant was as concerned to know, as entitled to know, from plaintiff, she having the election, whether the instrument was to be regarded as a mortgage, with its consequences, as to know whether it was to be rescinded absolutely, with consequences which would follow.

The cases in which a person is held as a trustee *ex malificio* are clearly distinguishable from the one at bar. There is no suggestion in the statute of limitations of the state. In fixing within what period a claim will become stale, the supreme court in *Oil Co.* v. *Marbury*, cited *supra*, says: "We are but little aided by the analogies of statutes of limitation." And in *Sullivan* v. *Railroad Co.*, 94 U. S. 811, says: "Every case is governed chiefly by its own circumstances. Sometimes the statute of limitations is applied; sometimes a longer period than that prescribed

by the statute is required. In some cases a shorter time is sufficient, and sometimes the rule is applied where there is no statutable bar. It is competent for the court to apply the inherent principles of its own system of jurisprudence, and to decide accordingly;" citing a number of cases. Besides, the plaintiff's laches is wholly independent of the statute of limitations. Judgment is affirmed.